UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES FARON BANARD JACKSON,                                                    Plaintiff,

v.                                                              Civil Action No. 3:18-cv-P165-DJH

SHANE YOUNG *et al.*,                                                        Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff James Faron Banard Jackson leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

## **I. SUMMARY OF COMPLAINT**

Plaintiff is incarcerated at Hardin County Detention Center (HCDC). He brings this action against five Defendants - Shane Young, a "Commonwealth Attorney"; "Chief Schiller," "Chief of Police" at Elizabethtown Police Department; Jennifer B. Oldham, Hardin County Attorney; Cody Hibbert, "Public Defender"; and Kentucky Circuit Court Judge Kelly Mark Easton.

In the complaint, Plaintiff writes as follows:

Elizabethtown Police I have went to file report of attempted murder on my life by the [HCDC], to report cold case murders in which I have learned who committed, police have completely ignored me treated me like I was crazy as have Commonwealth's Attorney Office. I have went as far as to file motions to the Hardin County Circuit Court Clerk and to Circuit Judge Judge Kelly Mark Easton which by motion was taken looked at answered in way of paper not even heard in there in front of judge never even given court date. I am sending motion I wrote along with Judge Easton's reply which is in file of case # 14-cr-00024 as my father's letter and a lot of other motions I wrote etc. I have tried to report this great injustice numerous times to ones who should help me even information of

these murders which I can help to solve and they want me dead to say I committed them. Law enforcement here have conspired with so called friends of mine to entrap me. Public Defender has conspired with Hardin County Attorney's Office and Commonwealth Attorney Shane Young to trick me into accepting plea to get me as much time as possible so while here before released on 7-11-2018 they can take my life and frame me for murders and numerous other crimes that others have committed. I think I have a right to report this type of things and see that justice is served for me and to the ones who were murdered. This is Government Conspiracy in Elizabethtown, Kentucky. I do not know how to get criminal charges when police will not take my report. I have been shot by my brother Joe Lynn Jackson Jr. he did not get in trouble, stabbed by Joe [illegible] police would not allow me to report a very corrupt injustice etc.

Plaintiff attaches to his complaint an alleged copy (handwritten by Plaintiff) of a letter written by his father. At the top of the letter is written: "Hardin County Circuit Court Case No. 14-CR-00024, BLUEGRASS CONSPIRACY, COMMONWEALTH OF KENTUCKY." The letter indicates that Plaintiff has "a non malignant tumor on his brain . . . . [that] causes him to have severe headaches"; that Plaintiff's doctor prescribed pain pills that "led to an accidental addiction and affected him both mentally and physically"; that Plaintiff is "paranoid of everything and everybody"; that Plaintiff has threatened suicide and conveyed other destructive threats"; and that Plaintiff's father had "attempted to get [Plaintiff] help by means of a mental warrant, but Communicare did not commit him for treatment." In the margin of the letter, Plaintiff has written: "Father retired E-town Police Lieutenant and retired Hardin County Sheriff's Deputy wrote this letter to set me up as suicidal, homicidal, paranoid schizophrenic, drug attic, crazy to be killed at [HCDC] . . . to collect life insurance and frame for murders after dead."

Plaintiff attaches a second handwritten document to his complaint which he seemingly wrote in response to the letter above. This document is titled: "JAMES FARON BANARD JACKSON ENTRAPPED BY FATHER, FAMILY, FRIENDS, HARDIN COUNTY DRUG

TASK FORCE DEA, ELIZABETHTOWN POLICE ETC. ARSENIC CONSPIRACY OF PARANOIA." In this document, Plaintiff writes:

> I . . . do not have nor have I ever been diagnosed with tumor on my brain. I do not have headaches hardly ever therefore there has never been any doctor prescribe me pills for this this matter this is a complete false statement and reason why being drugged at [HCDC]. . . . I do not have any physical or mental defects period part of what arsenic chromium copper arsenate when absorbed through skin or clothes and other things used to attack ones nervous system such as bug sprays (pesticides) . . . cleaners, bleach, oven cleaners, fragrances, ether, etc. to make one look nervous, depressed, scared, suicidal, homicidal, crazy, so when all foods served in corrections containing higher amounts of arsenic etc. to then try to startle one in to heart attack, stroke then say lying that he killed himself, overdosed, disease (hepatitis C) or he was paranoid schizophrenic anything other than murdered to collect life insurance no foul play then say that I committed murder and numerous other heinous crimes. . . . He is implying that I killed and committed other crimes to get money for pills and drugs. Murders and crimes that law enforcement and him covered up that my brothers covered up. I James F. Jackson simply wanted dead by many simply most my father Joe Lynn Jackson Sr.

As relief for the alleged violations of his rights, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "release or move to safe place" and "help me get criminal charges asap."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous

where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

4

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The complaint and its attachments contain many of the same allegations and claims made by Plaintiff in a prior action recently dismissed by this Court, *Jackson v. Hardin Cty. Drug Task Force DEA et al.*, 3:18-cv-P88-CRS. As such, this action will be dismissed for similar reasons.

Here, Plaintiff again alleges a vast conspiracy by the Commonwealth Attorney's Office, the Public Defender's Office, law enforcement officials, HCDC, his father, and "so called friends" to entrap him, kill him, and frame him for various murders. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555; *see also Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) ("'It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). Plaintiff's complaint and the attached documents contain sweeping and conclusory allegations of a vast conspiracy against

him. The documents lack specificity and suggest no more than a sheer possibility that any Defendant has acted unlawfully. For these reasons, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Further, to the extent that Plaintiff is alleging that this conspiracy resulted in a state criminal conviction(s), his claims are barred by the *Heck* doctrine. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (recognizing that any civil-rights claim which would necessarily call into question the validity of a criminal conviction is not cognizable until that conviction is reversed or otherwise vacated).

Finally, although Plaintiff also seems to seek the initiation of criminal charges through the filing of this action, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Further, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, Plaintiff's request to file criminal charges will be dismissed as frivolous.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: May 12, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Hardin County Attorney
Elizabethtown City Attorney
4415.011